IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION (JACKSON)

PATRICK O'NEAL JONES                                                                          PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:12-cv-747-CWR-FKB

HINDS COUNTY, MISSISSIPPI,
AND STANLEY ROSS                                                                         DEFENDANTS

REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion for Summary Judgment [35] seeking dismissal of this case filed pursuant to 42 U.S.C. § 1983. Plaintiff has failed to respond to the motion. Plaintiff, who is incarcerated, is proceeding *pro se* and *in forma pauperis*. 28 U.S.C. § 1915. This matter has been referred to the Magistrate Judge pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b). For the reasons explained below, the undersigned recommends that Defendants' Motion for Summary Judgment be granted and this § 1983 action be dismissed in its entirety, with prejudice.

I.  Plaintiff's Claims

At the time of the incident forming the basis of the complaint, Jones was a pre-trial detainee at the Hinds County Detention Center ("HCDC") located in Raymond, Mississippi. Defendants are Hinds County, Mississippi, and Stanley Ross, an officer at the HCDC.

According to Jones's complaint, he alleges that Officer Ross and Hinds County violated his constitutional rights when, sometime between August 31 and September 5, 2012, unidentified inmates rushed into his cell, threatened him with homemade knives or "shanks," and stole his and his cellmate's commissary items. He does not allege that he was physically injured in any manner during the incident, but alleges that the incident scared him. [1] at 5. He also alleges that

Officer Ross failed to help him retrieve the stolen items. [1] at 4.[1]

At the omnibus hearing, Jones was given an opportunity to elaborate upon his claims. Jones admitted that he did not know the identity of the inmates who entered his cell, nor did he have any indication that they were planning to attack him. [35-4] at 8 - 9. Jones testified that the inmates stole items such as noodles, cookies, honey buns, paper, stamped envelopes, soap, deodorant, personal hygiene items, and underwear (boxers). [35-4] at 7 - 8. He alleged that Officer Ross left his post at the "power board"[2] without securing it, and this act allowed the unidentified inmates to open Jones's cell door. [35-4] at 6. Furthermore, Jones testified that he had no first-hand knowledge that Officer Ross left the power board without locking or securing it, but that an unidentified inmate relayed that information to him. [35-4] at 9. Finally, Plaintiff testified that he was asserting claims against Officer Ross in both his official and his individual capacities. [35-4] at 15.

Jones seeks monetary relief from the defendants, compensation for his emotional distress, and reimbursement for his missing items.

Although Jones asserts that he presented his claims to officials at HCDC via the grievance procedure in the form of a written request, it is unclear whether he exhausted his administrative remedies. He simply alleges that he achieved "no result" from his efforts. [1] at 3. Nevertheless, the Court will address the claims.

---

[1] Although Jones's Complaint makes allegations against "Officer Robinson," Jones later identified the officer as Officer Ross. See [12] at 1.

[2] The "power board" was apparently an electronic mechanism that locked cell doors.

II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" Lemoine v. New Horizons Ranch and Center, 174 F.3d 629, 633 (5th Cir. 1999)(quoting Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)).  Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." Lemoine, 174 F.3d at 633.  "Federal summary judgment procedure requires the court to 'pierce through the pleadings and their adroit craftsmanship to reach the substance of the claim.'" Hicks v. Brysch, 989 F.Supp. 797, 806 (W.D. Tex. 1997)(citing Tacon Mech. Contractors v. Aetna Cas. and Sur. Co., 65 F.3d 486, 488 (5th Cir. 1995)).  The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted).  Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, 37 F.3d at 1075.

In addition, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s] [are] entitled to dismissal on that basis." Wells v. Bonner, 45 F.3d 90, 93 (5th Cir. 1995)(citing Siegert v. Gilley, 500 U.S. 226, 231-33 (1991)).

Thus, if the Court finds that Plaintiff's claims are not cognizable under § 1983, it need not reach the question whether the defendants are entitled to immunity. Id.

### III. Discussion

Reviewing his complaint and his testimony at the omnibus hearing, the Court interprets Plaintiff's allegations to allege claims that the defendants failed to protect him from harm and failed to retrieve his stolen property. As Jones made clear at the omnibus hearing, he has alleged claims against Hinds County and has alleged the same claims against Defendant Ross in both his official and individual capacities. The Court will review these claims, in turn.

#### A. Claims against Hinds County and Officer Ross in his Official Capacity

Plaintiff has alleged claims against Hinds County and Officer Ross in his official capacity. Under § 1983, claims against an individual officer in his official capacity are the equivalent of suit against the governmental entity as a defendant. Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Kentucky v. Graham, 473 U.S. 159 (1985). Thus, Jones's official capacity claims against Officer Ross are, in essence, actions against Hinds County, Mississippi. Hinds County is not liable under 42 U.S.C. § 1983 for acts which allegedly violated plaintiff's constitutional rights unless the harmful act resulted from a policy, custom or practice which evinces "objective deliberate indifference" to the plaintiff's constitutional rights. Grabowski v. Jackson County Public Defender's Office, 79 F.3d 478, 479 (5th Cir. 1996)(en banc) (citing Hare v. City of Corinth, 74 F.3d 633, 649 (5th Cir. 1996)(en banc)).

Having considered defendants' filings, Jones's omnibus hearing testimony, and the Complaint, the Court finds that Jones's allegations simply do not state a claim of constitutional proportions against Hinds County and Officer Ross in his official capacity. Jones has failed to

identify a policy, custom, or practice that evinces "objective deliberate indifference" to his constitutional rights. In other words, Jones has failed to allege, either in his complaint or at the omnibus hearing, the existence of a custom, practice, or policy adopted or maintained by Hinds County or carried out by Officer Ross that caused a deprivation of his constitutional rights. Vague, conclusory allegations by the plaintiff do not meet the standard required to state a claim under 42 U.S.C. § 1983. See Mills v. Criminal District Court #3, 837 F.2d 677, 678 (5th Cir. 1988). Moreover, Jones has failed to make any allegations that any custom, practice or policy of Hinds County or Officer Ross evinced objective deliberate indifference to his constitutional rights. Grabowski, 79 F.3d at 479. Thus, there can be no § 1983 liability for Hinds County or Officer Ross in his official capacity.

### B. Claims against Officer Ross in his Individual Capacity

Jones also makes claims against Officer Ross in his individual capacity.[3] Essentially, Jones claims that Officer Ross failed to protect him from harm when, during one incident, fellow unidentified inmates threatened him with physical harm and stole his personal property while Officer Ross was on duty over the section of HCDC in which Jones was housed. Jones freely admits that he did not suffer any physical injuries during the incident. Jones also admits that he had no indication that the unidentified inmates were planning to attack him. [35-4] at 8-9.

As an initial matter, considering Jones's claims as he presented them, the undersigned concludes that certain aspects of the claims cannot stand in this § 1983 action. Fundamentally,

---

[3]Claims against Ross in his individual capacity cannot be imputed to Hinds County as there is no *respondeat superior* liability against a governmental unit in the § 1983 context. Grabowski, 79 F.3d at 479 ("The familiar doctrine of *respondeat superior* has no application in a section 1983 action against a governmental unit based on the wrongful acts of its employees.").

"negligent inaction by a jail officer does not violate the due process rights of a person lawfully held in the custody of the State." Hare v. City of Corinth, 74 F.3d 633, 645 (5th Cir. 1996)(en banc). Accordingly, any claims for negligent conduct by Officer Ross are not actionable under § 1983. Furthermore, "[n]o federal civil action may be brought by a prisoner. . . for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e); Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001)(§ 1997e(e) bars claims for mental and emotional damages caused by the fear that one's exposure to asbestos may result in the development of an asbestos-related disease). Thus, because Plaintiff did not suffer any physical injury during the incident, his claims for mental and emotional damages should be dismissed.

Likewise, it is well-settled that intentional deprivations of property by state officials do not violate the Due Process Clause of the Fourteenth Amendment if adequate post deprivation remedies exist. Hudson v. Palmer, 468 U.S. 517 (1984). This holds equally true for claims of negligent deprivation. Daniels v. Williams, 474 U.S. 327 (1986). State law may provide an adequate post deprivation remedy. Hudson, 468 U.S. at 517.

The State of Mississippi provides at least three post-seizure remedies, including actions for conversion, claim and delivery, and replevin, any of which Jones can use to recover the property allegedly taken from him. Further, it has been held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." Nickens v. Melton, 38 F.3d 183, 185 (5th Cir. 1994). Because the State of Mississippi affords Jones an adequate post-deprivation remedy for the alleged deprivation of his personal property, no due process violation exists.

Turning to the remaining portion of Jones's claims, the Fifth Circuit has adopted the same standard for evaluating a jail official's episodic acts or omissions for both pretrial detainees and convicted prisoners. Hare, 74 F.3d at 643. The Hare court concluded,

> [i]n sum, we hold (1) that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement; and (2) that a state jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk.

Id. at 650. In other words, "the question is whether that official breached his constitutional duty to tend to the basic human needs of persons in his charge." Id. at 645. Furthermore, the "pretrial detainee must establish that an official acted with *subjective* deliberate indifference" to his due process right to protection from violence. Id. at 649, n. 4.

In this case, the allegations are fairly straightforward. According to Jones, unknown inmates entered his cell without permission and stole his commissary items. Admittedly, Jones did not suffer any physical injuries during the incident. Jones has failed to respond to the motion for summary judgment, and he has not presented any evidence to show that Officer Ross acted intentionally or in concert with the alleged assailants. Rather, at the hearing, he stated that another inmate said that Defendant Ross walked away from his post. Jones failed to identify this inmate. At the omnibus hearing, Jones admitted that he had no indication that the theft would occur, [35-4] at 9, and there is no evidence that Defendant Ross had any prior knowledge of the inmates' plans. Id. at 10, 13-14. The standard used to evaluate these claims is not that the official "should have been aware" of a risk of harm. Hare, 74 F.3d at 650. Rather, the standard is whether the official had "subjective knowledge of a substantial risk of serious harm to a pretrial

detainee but responded with deliberate indifference to that risk." Id.  At best, Plaintiff's testimony consists of "conclusory allegations" on this issue, which simply are not sufficient to defeat summary judgment.

Finally, although it is unfortunate that his property was stolen, the theft of this property was not "sufficiently serious" because it did not deprive him of "the minimal civilized measure of life's necessities," or basic needs, as the stolen items were commissary items. Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Moreover, Plaintiff did not suffer any physical injuries during the incident.  While the Court is not unsympathetic to Plaintiff's plight, "[i]t is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id.  Moreover, as stated above, Plaintiff's fear of injury does not rise to the level of a constitutional violation. See Herman, 238 F.3d at 665.  At most, as stated above, this is a case of negligent conduct by Officer Ross, which is not actionable under § 1983. See Davidson v. Cannon, 474 U.S. 344, 348 (1986)("[T]he protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."); Johnston v. Lucas, 786 F.2d 1254, 1259 (5th Cir. 1986)(rejecting liability for negligent failure-to-protect).  Accordingly, Officer Ross is entitled to summary judgment on Jones's individual capacity claims.

## IV.  Conclusion

Accordingly, the Court finds that Jones's claims fail to rise to the level of constitutional violations, and the defendants are, therefore, entitled to summary judgment as to all of his claims.  Therefore, Plaintiff's claims should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    RESPECTFULLY SUBMITTED, this the 19th day of February, 2014.

    /s/ F. Keith Ball
    UNITED STATES MAGISTRATE JUDGE